# PETITION FOR REMOVAL

# EXHIBIT 1

FILED
Electronically
CV22-01098
2022-07-12 09:55:10 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 9143033 : yviloria

$1425
Daniel T. Hayward.
Nevada State Bar No. 5986
BRADLEY, DRENDEL & JEANNEY, LTD.
P.O. Box 1987
Reno, NV 89505
Telephone No. (775) 335-9999
Facsimile No. (775) 335-9993
*Attorney for Plaintiff*

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

PATRICIA LEVY, an individual,

    Plaintiff,

v.

WALMART INC., a foreign corporation doing business in the State of Nevada;
JOHN DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive,

    Defendants.
_____/

Case No. _____

Dept. No. _____

## COMPLAINT

Plaintiff, PATRICIA LEVY, by and through her counsel of record, Daniel T. Hayward of the law firm of Bradley, Drendel and Jeanney, complains and alleges as follows for her cause of action against the Defendant, WALMART INC.:

### PARTIES AND JURISDICTION

1. Plaintiff PATRICIA LEVY is, and at all times relevant was, a resident of Reno, Washoe County, Nevada.

2. At all relevant times Defendant WALMART INC. was and is a foreign corporation doing business in the State of Nevada.

3. At all relevant times Defendant WALMART INC. owned and operated the Walmart Supercenter store located at 4855 Kietzke Lane in Reno, Washoe County, Nevada.

LAW OFFICE OF
BRADLEY,
DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203643

-1-

4. The negligent acts described herein occurred in Washoe County, Nevada.

5. Venue is proper in Washoe County pursuant to NRS 13.040 because Plaintiff has designated this county as the venue in her Complaint, and Defendant WALMART INC. does not "reside" in any particular county in Nevada for purposes of venue. *See Liberty Mut. v. Thompson,* 130 Nev. 28, 34, 317 P.3d 831 (2014) ("Further, under NRS Chapter 13, a foreign corporation does not have a fixed residence in any particular county"); *see also Byers v. Graton,* 82 Nev. 92, 95, 411 P.2d 480, 481-482 (1966).

6. Pursuant to NRCP 10(d) and *Nurenberger Hercules-Werke GMBH, vs. Virostek,* 107 Nev. 873, 822 P.2d 1100 (1991), the identity of Defendants designated as JOHN DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive are unknown at the present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or in some way owned, leased, operated, managed, or maintained the Walmart store described herein as of the date of the accident described herein, or employed or retained the persons who actually performed the negligent acts described herein, and that said fictitiously designated Defendants are jointly and severally liable for the damages sustained by Plaintiff as alleged herein. When Plaintiff becomes aware of the true names of said Defendants, she will seek leave to amend this Complaint in order to state the true names in the place and stead of such fictitious names.

7. At all times herein mentioned, Defendants, and each of them, were the apparent ostensible principals, principals, apparent ostensible agents, agents, apparent ostensible servants, servants, apparent ostensible employees, employees, apparent ostensible assistants, assistants, apparent ostensible consultants and consultants of their co-Defendants, and were as such acting within the course, scope and authority of said agency and employment, and that each and every act of such Defendants, as aforesaid, when acting as a principal, agent, employee, assistant or consultant, were responsible in some manner for the events and happenings herein referred to.

//
//
//

LAW OFFICE OF
BRADLEY,
DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203643

-2-

## FIRST CLAIM FOR RELIEF

### (Negligence)

8. Plaintiff realleges Paragraphs 1 through 7 of this Complaint, and incorporates the same herein as though set forth at length.

9. On or about July 17, 2020 Plaintiff was a customer in the Walmart Supercenter store located at 4855 Kietzke Lane in Reno, Washoe County, Nevada (hereinafter, "the Store").

10. Plaintiff walked down the aisle of the Store where coffee and related products were located.

11. Plaintiff knelt down in order to get some coffee creamer from a lower-level shelf.

12. While Plaintiff was kneeling down to get the coffee creamer, an employee of the Store (hereinafter referred to as "the Employee") struck her from behind with a stocking cart.

13. Plaintiff had no notice that the Employee was approaching her from behind with the stocking cart.

14. Defendant WALMART INC. and the Employee breached the duty of care which they owed to Plaintiff through the Employee's failure to keep a reasonable lookout while pushing the stocking cart down the aisle, and thereby striking Plaintiff.

15. Defendant WALMART INC. and the Employee's failure to keep a reasonable lookout while the Employee pushed the stocking cart down the aisle, and thereby striking Plaintiff, constitutes negligence.

16. Defendant WALMART INC. and the Employee's failure to utilize the assistance of a second Store employee to serve as a safety spotter while the Employee pushed the stocking cart down the aisle, and thereby striking Plaintiff, constitutes negligence.

17. Defendant WALMART INC. and the Employee's failure to call-out orally as the Employee pushed the stocking cart down the aisle, so as to warn customers, including Plaintiff, that the Employee and the stocking cart were approaching, and thereby striking Plaintiff, constitutes negligence.

18. Defendant WALMART INC. is legally responsible for the negligent acts and omissions of the Employee pursuant to the principles of *respondeat superior*, agency, and/or vicarious liability.

19. As a direct and proximate cause of Defendant WALMART INC.'s negligence, Plaintiff

LAW OFFICE OF
BRADLEY,
DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

-3-

Our File No. 203643

1  sustained severe personal injuries causing extreme anguish, pain and suffering, and emotional distress, and
2  will continue to experience such anguish, pain and suffering, and emotional distress in the future, all to her
3  general damage in sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

4      20.    As a direct and proximate cause of Defendant WALMART INC.'s negligence, Plaintiff
5  has incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount
6  that is presently unknown. Plaintiff prays for leave to amend this Complaint to include such sums when the
7  same become known. |

## SECOND CLAIM FOR RELIEF

### (Negligent Training)

10      21.    Plaintiff realleges Paragraphs 1 through 20 of this Complaint and incorporate the same
11  herein as though set forth at length.

12      22.    Defendant WALMART INC. had a duty to reasonably train its employees, including the
13  Employee, in how to safely move stocking carts through the store during customer hours so as to avoid
14  striking customers, including Plaintiff..

15      23.    Upon information and belief, Defendant WALMART INC. breached its duty to reasonably
16  train the Employee in how to safely move stocking carts through the store during customer hours so as to
17  avoid striking customers, including Plaintiff, by:

    a.    failing to instruct the Employee to keep a proper look-out;

    b.    failing to instruct the Employee to utilize the assistance of a second Store employee to serve as a safety spotter as the Employee pushed the stocking cart down the aisle; and

    c.    failing to instruct the Employee to call-out orally as the Employee pushed the stocking cart down the aisle so as to warn customers, including Plaintiff, that the Employee and the stocking cart were approaching.

LAW OFFICE OF
BRADLEY,
DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203643

-4-

24. WALMART INC.'s failure to reasonably train the Employee, as aforesaid, constitutes negligence.

25. As a direct and proximate cause of Defendant WALMART INC.'s negligent training of the Employee, Plaintiff sustained severe personal injuries causing extreme anguish, pain and suffering, and emotional distress, and will continue to experience such anguish, pain and suffering, and emotional distress in the future, all to her general damage in sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

26. As a further direct and proximate result of Defendant WALMART INC.'s negligent failure to reasonably train the Employee, Plaintiff has incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays for leave to amend this Complaint to include such sums when the same become known. |

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

1. for leave to amend the Complaint upon discovery of the true names and identities of each fictitiously-named Defendant, if any there be;
2. For past and future medical and incidental expenses which will be shown according to proof;
3. for past and future general damages in a sum in excess of $15,000.00;
4. for costs of suit and reasonable attorney fees herein;
5. for pre-judgment and post-judgment interest as allowed by law; and
6. for such other and further relief, at law or in equity, as this Court may deem equitable and just.

//
//
//
//
//
//

LAW OFFICE OF
BRADLEY,
DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203643

-5-

## AFFIRMATION PURSUANT TO NRS 239B.030

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

Dated this 12 day of July, 2022

BRADLEY, DRENDEL & JEANNEY

Daniel T. Hayward
*Attorney for Plaintiff*

LAW OFFICE OF
BRADLEY,
DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203643

-6-